IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02472-GPG

NORMAN RICHARD CATMAN JR.,

    Plaintiff,

v.

McDONALD'S CORPORATION, and
AFRICAN-AMERICAN EMPLOYEE WEARING BLUE SHIRT, and
ALL OTHERS FOUND CULPABLE,

    Defendants.

## ORDER TO AMEND

    Plaintiff Norman Richard Catman Jr. currently is detained at the Park County Detention Facility in Fairplay, Colorado. Plaintiff, acting *pro se*, initiated this action by submitting to the Court a Prisoner Complaint and a Motion to File In Forma Pauperis. On November 10, 2015, Magistrate Judge Gordon P. Gallagher directed Plaintiff to submit his claims and request to proceed pursuant to 28 U.S.C. § 1915 on proper Court-approved forms. Plaintiff also was directed to provide a certified account statement. Plaintiff now has complied with the November 10, 2015 Order to Cure Deficiencies.

    The Court must construe the Prisoner Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an

advocate for a pro se litigant.  *See Hall*, 935 F.2d at 1110.  Plaintiff will be directed to file an Amended Complaint for the reasons stated below.

Plaintiff asserts that on the evening of September 13, 2015, he was refused service at a McDonald's restaurant by an African-American employee, who told him that he would not be served because his dog did not have a service vest.  Plaintiff further asserts that he is a homeless disabled veteran and the employee was "very threatening" and "belittling" in her tone and actions.  Comp., ECF No. 6, at 3.  Plaintiff asserts three claims.  The first claim is a statement of Plaintiff's injuries that he suffers from "ADD, Bi-Polar II, and PTSD personality disorder," and the employee's action caused him to be paranoid, delusional, and anxious because he was unable to eat, which he needs to do to take his psychiatric medications.  *Id.* at 4.  In the second claim, Plaintiff asserts the McDonald's employee was negligent and deliberately indifferent because she knew he was homeless and should have known the law concerning service dogs.  Finally, in the third claim, Plaintiff asserts that McDonald's violated his equal protection rights because he was not offered the same treatment as other citizens who are not disabled veterans with a service dog.  Plaintiff seeks money damages.

First, the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Rule 8 are designed to meet these purposes.  *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."

Plaintiff fails to assert the jurisdiction for his claims.  In the B. Jurisdiction section of the complaint form, Plaintiff states that "I am incarcerated until March 1, 2016."  ECF No. 6 at 3.  Plaintiff must complete this section properly and assert the basis for jurisdiction in this Court.  To state proper jurisdiction Plaintiff must indicate the federal legal basis for his claims.  Plaintiff has failed to assert proper jurisdiction as determined below.

First, Claims Two and Three appear to be attempts to raise federal constitutional violation claims.  To state a federal constitutional violation pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).  It is clear that neither McDonald's nor the McDonald's employee were acting under color of state law when Plaintiff was told to leave the restaurant.

As for Plaintiff's claim that the employee broke a law when she would not allow the dog in the restaurant, Plaintiff does not assert what federal law was violated and if so what private cause of action there is for him to file an action against McDonald's or the McDonald's employee regarding their actions.

3

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).   The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Plaintiff is directed that to state a claim in federal court he must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.   *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order.   It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.   It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order, within the time allowed, the Court will proceed to dismiss the Complaint without further notice.

DATED December 18, 2015, at Denver, Colorado.

BY THE COURT:



_____

Gordon P. Gallagher
United States Magistrate Judge