IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02472-GPG

NORMAN RICHARD CATMAN JR.,

    Plaintiff,

v.

McDONALD'S CORPORATION, and
AFRICAN AMERICAN EMPLOYEE WEARING BLUE SHIRT, and
ALL OTHERS FOUND CULPABLE,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff Norman Richard Catman Jr. initiated this action by filing *pro se* a pleading titled, "Civil Suit for Damages," ECF No. 1, and a Motion to File In Forma Pauperis, ECF No. 3. Magistrate Judge Gordon P. Gallagher found the filings deficient and directed Plaintiff to cure the deficiencies by filing his claims and his request to proceed pursuant to 28 U.S.C. § 1915 on proper Court-approved forms. Plaintiff complied with Magistrate Judge Gallagher's directive and was granted leave to proceed pursuant to § 1915. Magistrate Judge Gallagher then reviewed the merits of Plaintiff's claims and found that Plaintiff had failed to comply with Fed. R. Civ. P. 8. Plaintiff was directed to amend the Complaint and to state a short and plain statement of the grounds for the Court's jurisdiction, the claims he raises, and the type of relief he seeks.

    The envelope sent to Plaintiff that contained the Order to Amend was returned to the Court and marked "Return to Sender Refused Unable to Forward." Plaintiff, in the

meantime, submitted a Notice of Change of Address.   As a result, the Order to Amend was resent to Plaintiff at the new address.   Plaintiff was given an additional thirty days to amend the Complaint.   On January 22, 2016, Plaintiff submitted a handwritten pleading that states jurisdiction, his claim, and his demand for relief.   The pleading is not submitted on a Court-approved form as Plaintiff was directed to do.   Nonetheless, the Court will review the merits of the Complaint below.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."   *Hall*, 935 F.2d at 1110.   However, the Court does not act as an advocate for a *pro se* litigant.   *See id.*

Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Plaintiff's claims are frivolous.   A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.   *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).   For the reasons stated below, the Court finds Plaintiff's claims are legally frivolous and will dismiss the action.

In the January 22, 2016 pleading, Plaintiff asserts that his rights were violated pursuant to "Title 42 The Public Health and Welfare-Subchapter II-Public services [Title II] Sec. 12132 Discrimination [Section 202] and also ADA and Code of Federal Reg §

36.202."   ECF No. 11 at 2.   Plaintiff further asserts he is a disabled veteran who, on September 13, 2015, was denied service at a McDonald's restaurant by an employee, because his service dog was not wearing a vest, and he then was told to leave the restaurant or the employee would call the police, after which Plaintiff left.   *Id.* at 2-3. Plaintiff seeks compensatory and punitive damages for the embarrassment, paranoia, delusions, and anxiousness he suffered, and for his inability to take his psychotic medication.   *Id.* 3-4.

Plaintiff's reliance on Title II is misplaced.   Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."   28 U.S.C. § 12132.   Also, section 794 of the Rehabilitation Act (Amendment of Rehabilitation Act of 1973, § 504) prohibits discrimination against an individual with disabilities by the recipient of federal financial assistance and creates a private right of action in favor of such an individual injured by a violation. 29 U.S.C. § 794.   Pursuant to 42 U.S.C. § 12131(1)(B) a public entity is "any department, agency, special purpose district, or other instrumentality of a State or States or local government."   Neither McDonald's Corporation nor its employees are public entities.   Plaintiff's claims raised pursuant to Title II are improperly asserted against McDonald's or its employees.

Furthermore, even if the Court construes Plaintiff's claim as filed pursuant to Title III, the claim is legally frivolous.   Title III of the ADA prohibits discrimination against the disabled in public accommodations.   *See* 42 U.S.C. § 12182(a).   However, pursuant to

42 U.S.C. § 12188(a), Plaintiff's sole remedy for a Title III claim is injunctive relief." *Phillips v. Tiona*, 508 F. App'x 737, 754 (10th Cir. 2013); *see also Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."). Plaintiff seeks compensatory and punitive damages. Therefore, Plaintiff failed to assert a proper claim for relief, and the instant action will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  29th  day of   February  , 2016.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court